Rev. 5/2017 Prisoner Complaint

## United States District Court
### Eastern District of North Carolina
### Western Division

Case No. ___3:22-cv-369-MR___

(To be filled out by Clerk's Office only)

FILED
CHARLOTTE, NC

AUG - 8 2022

US DISTRICT COURT
WESTERN DISTRICT OF NC

Melvin L. Luckey, Plaintiff
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

Inmate Number 0586199

-against-

Det. GLEN JENKINS, Det. T.J. Goforth
City of Monroe, STATE AGENT BRANDON BLACKMON
STATE AGENT JASMINE CRUZE, Defendants.
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

## COMPLAINT
*(Pro Se Prisoner)*

Jury Demand?
☑ Yes
☐ No

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Page 1 of 10

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☑ 42 U.S.C. § 1983 (state, county, or municipal defendants) (SEE ATTACHED FOR CONTINUATION OF VENUE)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☐ Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II. PLAINTIFF INFORMATION

Melvin Lee Luckey
Name

0586199
Prisoner ID #

Albemarle Corr. Inst
Place of Detention

P.O. Box 460
Institutional Address

Badin                     N.C                     28009
City                      State                   Zip Code

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee   ☐ State   ☐ Federal
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

## IV.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:    GLEN JENKINS
Name

DETECTIVE
Current Job Title

_____
Current Work Address

MONROE              N.C
City                      State              Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

Defendant 2:    DETECTIVE T.J. GOFORTH
Name

LIEUTENANT
Current Job Title

_____
Current Work Address

MONROE              N.C
City                      State              Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

**Defendant(s) Continued**

Defendant 3:   BRANDON BLACKMON
Name

STATE BUREAU AGENT
Current Job Title

5994 Caldwell Park Drive
Current Work Address

Harrisburg                N.C                28075
City                        State              Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both


Defendant 4:   JASMINE CRUZE
Name

STATE BUREAU AGENT
Current Job Title

5994 Caldwell Park Drive
Current Work Address

Harrisburg                N.C                28075
City                        State              Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _( SEE ATTACHED "FACTS" for place of occurence )_

Date(s) of occurrence: _( SEE ATTACHED "FACTS" for dates of occurence )_

State which of your federal constitutional or federal statutory rights have been violated:

Title 42 United States Codes 1983, 1985, 1986, 1988, and the Fourth, Fifth, Sixth, Eight, and fourteenth Amendments to the Constitution of the united states.

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

_( SEE ATTACHED STATEMENT OF FACTS )_

Who did what to you?

| What happened to you? | ( SEE ATTACHED ) |

| When did it happen to you? | (SEE ATTACHED ) |

| Where did it happen to you? | (SEE ATTACHED) |

What was
your
injury?

( SEE ATTACHED ON Injury )

## VI.  ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?  ☐ Yes  ☑ No

If no, explain why not:

THERE'S NO GRIEVANCE FOR THIS TYPE OF CLAIM

Is the grievance process completed?  ☐ Yes  ☑ No

If no, explain why not:

N/A

## VII.  RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

( Please SEE ATTACHED PRAYER )

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?  ☑ Yes  ☐ No

If yes, how many?  _____2_____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

_____N/A_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## IX.   PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

8-3-2022
_____
Dated

_____
Plaintiff's Signature

Melvin Lee Luckey
_____
Printed Name

0586199
_____
Prison Identification #

P.O. Box 460      Badin           N.C.    28009
_____
Prison Address        City           State   Zip Code

This is an action brought by Plaintiff against State Officials acting under the color of Law for civil rights violations involving wrongful detention, unlawful arrest, unlawful incarceration and imprisonment.

At all times relevant herein the Defendants, all State Officials acting under the color of law and outside the scope of their jurisdiction and authority, willfully caused Plaintiff damages and in doing so, violated clearly established Law, as those laws apply to Plaintiff's rights protected and reserved by the Constitution, particularly under the Fourth, Eighth and Fourteenth Amendments.

Be it known, each of the state officials herein have sworn "oath of office" with regard to their duties and therefore each of their acts under "color" of state law is in direct violation of their oath of office.

## I. JURISDICTION and VENUE

1. Plaintiff brings this as an action pursuant to Title 42 United States Code §1983, 1985, 1986, 1988, and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiff evokes the jurisdiction of this court pursuant to the Title 28 U.S.C. §1331 and Title 28 U.S.C. § 1343(A) (3) (4), and pursuant to the Civil Rights Act of 1870. At all times relevant, all of the causes of action were committed within the geographical jurisdiction of this court.

## II. PARTIES

3. Plaintiff Melvin Lee Luckey, hereinafter "Plaintiff" is an Aggrieved man, at all times relevant herein, lived in the city of Charlotte, North Carolina. Plaintiff was born and raised in North Carolina.

4. Defendant detective Glen Jenkins, hereinafter "Jenkins" of the Monroe Police Department, hereinafter "MPD" at all times relevant to this complaint was acting as a State Official employed, compensated, enriched, and rewarded detective of the municipality of Monroe is being sued individually and in his official capacity.

5. Defendant detective supervisor T.J. Goforth, hereinafter "TJ" at all times relevant to this complaint, was acting as a State Official employed, compensated enriched, and rewarded detective of the municipality of Monroe is being sued individually and in his official capacity.

6. Defendant CITY OF MONROE (hereinafter "City") at all times relevant to this complaint, was, and is, a municipal corporation in the State of North Carolina, responsible for compensating, enriching, rewarding and making policy and was the proximate location for all Defendants. "City" is being sued as a person.

7. Defendant State of North Carolina Bureau of Investigation Agent Brandon Blackmon, hereinafter "Blackmon" at all times relevant to this complaint, was acting as a State Official employed, compensated, enriched, and rewarded agent of the corporate STATE OF NORTH CAROLINA is being sued individually and in his official capacity.

8. Defendant State of North Carolina Bureau of Investigation Agent Jasmine Cruz, hereinafter "Cruz" at all times relevant to this complaint, was acting as a State Official employed, compensated, enriched, and rewarded agent of the corporate STATE OF NORTH CAROLINA is being sued individually and in her official capacity.

## III. FACTS

9. On November 1, 2010, Plaintiff was in Charlotte, North Carolina and did stayed in Charlotte the entire day.

10. That evening around 6p.m. the Plaintiff picked up his daughter Chantayah from her mother's home in Charlotte and took her to visit his mother, her grandmother in [address] in Charlotte, North Carolina.

11. On the morning of November 10, 2010, Plaintiff was home sleeping on Seymour Drive in Charlotte, North Carolina.

12. Plaintiff was not engaged in any crime, at all times relevant herein.

13. At or about 5 a.m. that morning, Plaintiff was awaken by a voice on a megaphone outside his home, demanding him to come outside with his hands up.

14. Plaintiff got out of his bed and went outside to see what was the matter.

15. Plaintiff noticed many identically marked/unmarked city and state vehicles, including SWAT with rifles trained on him when he stepped outside his home.

16. Plaintiff was approached and grabbed by MPD/VAT with deadly force.

17. Defendant Jenkins of MPD searched and arrested Plaintiff without cause, without a crime, without consent and without a warrant.

18. Plaintiff's home was searched by d. Jenkins and officials with pistols and rifles in SWAT/VAT without cause, over his objections, without his consent and without a warrant.

19. Plaintiff was arrested in full view of the local neighborhood by defendant officials at the aforementioned location.

20. Plaintiff did not "resist arrest" or do anything to provoke the arrest by d. Jenkins.

21. Plaintiff declared to all state officials present that day, that he did not commit a crime and that this must all be a mistake.

22. Defendants TJ and Blackmon conversed with d. Jenkins and d. Cruze on the scene.

23. Defendants Cruz and TJ looked on and did nothing to help Plaintiff Luckey.

24. Plaintiff told all defendant officials that they were violating his reasonable expectation of secured rights.

25. Defendants Cruz, Blackmon and TJ were working in concert, condoning and aiding d. Jenkin's actions and made no attempts to control him and help Plaintiff.

26. Plaintiff was taken to MPD jail by d. Jenkins and deposited there to be booked.

27. Plaintiff was arrested without cause, without his consent, without him committing a crime and without a warrant.

28. Upon information and belief, during the investigation, d. Jenkins ignored and removed the statements of Monica Farrah and Billy Montgomery, two eyewitness testimonies of the crime Plaintiff was alleged to have committed, stating the alleged suspect was a "big white guy" or white female.

29. On or about May 13, 2013, d. Jenkins admitted seeking to witnesses and putting evidence together in regards to Plaintiff's unlawful arrest stemming from November 1, 2010.

30. On or about May 10, 2013, d. Jenkins attempted to subpoena information from Robbie Jordan while Plaintiff's case was pending for two and a half years.

31. On or about May 13, 2013, d. Jenkins admitted that Mr. Jordan had not identified Plaintiff on the evening of the crime that he was not involved in.

32. On or about May 10, 2013, d. Jenkins also admitted that Mr. Jordan nor any other man/woman recognized Plaintiff based on testimony.

33. On or about May 15, 2013, d. Blackmon admits to preparing false affidavits with hearsay information not of his personal knowledge on November 10, 2010 in regard to Plaintiff's arrest.

34. Defendant Blackmon also admits that him, d. Jenkins, d. TJ and d. Cruz were all involved in an pongoing investigation I regard to Plaintiff's unlawful detainment and his cruel sentencing.

35. Defendant Blackmon also admits that he did not include the fact that the alleged suspect of his investigation was a white male or female.

36. On or about May 16, 2013 d. Jenkins admits that his boss, d. TJ was present when he interviewed alleged witnesses Ronald and Darius on or about November 8, 2010 and did nothing to help Plaintiff in the alleged investigation.

37. On that same day, d. Jenkins admits he did not verify the identities of Ronald and Darius.

38. Upon information and belief, d. TJ personally interviewed the above-mentioned alleged witnesses after November 8, 2010 without d. Jenkins present aid in his unlawful acts against Plaintiff.

39. On or about May 16, 2013, d. Jenkins admitted that him and his Lieutenant, d. TJ, offered to pay Ronald and Darius' phone bills to coerce false testimony.

40. D. Jenkins lied under oath when questioned about the two aforementioned alleged witnesses having a vendetta against the Plaintiff.

41. On or about May 29, 2013, d. Jenkins admits that d. Cruz took statement notes that led to the unlawful incarceration of Plaintiff.

42. On or about May, 16, 2013, d. Jenkins admits he used third-party information from state agent, d. Blackmon in his own sworn testimony.

43. That same day, d. Jenkins admits d. Blackmon was applying for warrants when the arrest of Plaintiff without a warrant and without cause was already done.

44. On or about May 15, 2013, d. Blackmon admits he removed pertinent information in Plaintiff's favor in his investigation from Monica Farah stating the description of the suspect was a white male or white female on page 012001 of his false documents.

45. Defendant Blackmon admits not having a statement from Mr. Montgomery prior to filing his false/bad affidavits.

46. On or about May 28, 2013, d. Cruz admits she was the lead investigator in regards to Plaintiff's unlawful incarceration without a warrant, without cause and without his consent.

47. On or about May 28, 2013, d. Cruz admits intimate involvement with d. Jenkins and detective Chris Carrion of MPD in regard to Plaintiff's case that led to his incarceration.

48. That same day d. Cruz admits she did not identify any of the alleged witnesses with documentation.

49. On or about June 4, 2013 Plaintiff was sentenced to serve 85 years without consent, without cause and without a crime committed and without a warrant.

50. On or about July 6, 2016, Plaintiff received CPAP machine for his sleep disorder he developed while incarcerated.

51. In May of 2016 Plaintiff received psychiatrist treatment from Mrs. Ginnyard three times due to his mental trauma, emotional distress and unlawful physical confinement even though he told her he was innocent.

52. Defendant Jenkins is the proximate cause to Plaintiff's damages.

53. At all times herein mentioned, all defendants were acting under color of state law.

54. As of the filing of this action, none of the defendants were disciplined or punished for their unlawful acts against Plaintiff.

55. All actions of the defendants were committed with intention to restrain and confine the Plaintiff without his consent. The Plaintiff was at all times conscious of his confinement. The search, arrest and sentencing were not justified by probable cause or other legal argument and were unreasonable violations of clearly established law.

56. As a proximate and direct result of the violations of clearly established law by the defendants herein, acting in concert under the color of law, Plaintiff has been damaged and his damage is ongoing, including legal fees, defamation of character, trauma, humiliation, shame, pain,

ridicule, emotional and mental distress, mental anguish, deterioration of physical and mental health due to current imprisonment and solitary confinement with frequent violence and murder by fellow inmates in the amount of $60,000,000.99

57. All of the Defendants, at all times related herein acted in concert, with wanton, reckless, willful, malicious and deliberate indifference and disregard toward Plaintiff and his rights protected and guaranteed by the Constitution, with the direct intent and sole purpose of injuring, humiliating, vexing, oppressing and causing physical and mental anguish and are liable for damages to Plaintiff. As a direct result of defendants' actions, Plaintiff is seeking an additional $1,000,000.00 per day of unlawful imprisonment for punitive damages.

58. Defendants did not use objective reasonableness when they entered Plaintiff's home at 5 a.m. with loaded guns and deadly force without cause without a crime and without a warrant.

59. Defendant officials knew or should have known that searching and seizing Plaintiff without cause, without his consent and without a warrant would violate rights protected by the Constitution under the Fourth and Fourteenth Amendment and are therefore negligent in the unlawful search, arrest and conviction.

60. Defendants knew or should have known that ignoring relevant information in Plaintiff's favor and fabricating false information on the record would cause damage to Plaintiff and did intend to cause damage has occurred and is occurring.

61. Any reasonable official would have known that if he/she did not have cause and/or Plaintiff's consent, they could not search, arrest and convict him without his consent, without a crime, without a warrant and without probable cause to do so.

62. Plaintiff had a reasonable expectation to be secure in his home sleeping at 5 a.m. without encumbrance, and that officials would not violate clearly established law, would not act with

wanton, reckless and malicious disregard toward his unalienable rights by unlawfully

searching his body, his home, would not remove pertinent information in Plaintiff's favor,

would not create false information on the record against Plaintiff, would not act without a

Fourth Amendment warrant, would not act without his consent and would not act without

probable cause to do so. Plaintiff had reasonable expectation that a s long as he was not

involved in a crime, that nobody would arrest and sentence him!

## IV. FEDERAL CAUSES OF ACTION

63. All facts set forth in paragraphs numbered 1 through 62 are incorporated herein by

reference.

### As for the First Cause

64. Plaintiff's Fourth Amendment right, "...to be secure in their persons, houses, papers and

effects, against unreasonable searches and seizures, shall not be violated, and no Warrants

shall issue, but upon probable cause,  supported by Oath or affirmation,..."

65. The factual statements in numbered paragraphs of acts committed by the defendants were

done without probable cause, without his consent, without him committing a crime and

without a warrant.

66. The unlawful search, seizure, detention, arrest and incarceration of the Plaintiff without

cause, without consent and without a warrant was in direct violation of the Plaintiff's rights

as secured by the Fourth Amendment of the United States Constitution.

### And as for the Second Cause

67. Plaintiff's Eighth Amendment right, "Excessive bail shall not be required, nor excessive fines

imposed, nor cruel and unusual punishments inflicted."

68. The factual statements in numbered paragraphs committed by the defendants forced plaintiff to have excessive bail and fines and sustain physical, mental and emotional damage due to cruel and unusual punishment.

69. The excessive bail of $1.5 million and excessive fines of $25,000 combined with the unlawful imprisonment and sentence of 85 years when Plaintiff was not involved in any crime are unreasonable acts, as Plaintiff's damages are ongoing, being that he is still incarcerated at present and are in direct violation of his expectation of rights as secured by the Eighth Amendment of the United States Constitution.

70. It is unreasonable that any state official and/or agent would not have known that imposing excessive bail and fines and sentencing Plaintiff to serve 85 years without cause, without him committing a crime, against his will, without his consent and without a warrant, would cause him damages and would be cruel and unusual punishment that were violations of his expectation of secured rights of the Eighth Amendment.

And as for the <u>Third Cause</u>

71. Plaintiff's Fourteenth Amendment right, "...No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the Equal protection of the laws.

72. The factual statements in numbered paragraphs committed by the defendants deprived Plaintiff of his reasonable expectation of protected rights to be free from his liberty or property taken without due process of law and deprived him of equal protection of the Fourteenth Amendment of the United States Constitution.

73. The unlawful search of Plaintiff and his home, the intent of falsifying information on the record, the intentional exclusion of relevant information on the record and deprivation of

liberty and property without due process nor equal protection of law was a direct violation of clearly established law secured by the Fourteenth Amendment.

74. Defendants knew or should have known that the unlawful search of Plaintiff and his home, the intentional act of falsifying information on the record, the intentional exclusion of relevant information on the record and deprivation of liberty and property without due process nor equal protection of law was a direct violation of clearly established law secured by the Fourteenth Amendment.

And for the Fourth Cause

75. Upon information and belief, d. City, being sued as a "person" maintains a pattern and practice of depriving liberties and property of the people, and it is their policy and custom to deprive citizens of their constitutional protections and cause damage without probable cause or proper foundation secured by the Constitution as demonstrated by the deprivation of Plaintiff Luckey's expectation of secured rights.

76. The factual statements in numbered paragraphs were ratifications by the defendant's neglect to train and supervise their employees.

77. It shocks the conscious that so many state officials, in the city of Monroe would work "in concert" with State of North Carolina investigation agents to maintain a custom and a policy to deprive Plaintiff of due process and a fair trial to violate clearly established law by ratifying and condoning the acts of their agents and thereby failed and neglected to properly train and supervise its employees, combined, with respect to individuals rights as protected by the Constitution as evident by the several abuse(s) and damage(s) sustained by Plaintiff Luckey.

78. At all times relevant, all defendants, especially Jenkins, Cruz, TJ and Blackmon were acting within the scope of their presumed duties as employees of d. City and state when depriving

Plaintiff of his rights of liberty and freedom from unprovoked and unlawful search and

seizure, unlawful arrest, unlawful sentence of 85 to serve locked down by the violations of

clearly established laws protected by the Fourth, Eighth and Fourteenth Amendment of the

United States Constitution.

79. Defendant City is negligent for not properly training nor restraining its employees and

should pay the damages because city promotes its policy by not reprimanding its officials for

the acts of federal law violations alleged as of the filing of this complaint therefore city gives

blessing and ratifies the acts of its agents' violations of clearly established law.

80. Defendant City is liable under the aforementioned Federal law for the abuse of official

power committed by defendants within the scope of their presumed employee duties, but

outside the scope of their discretion in a long train of abuses which is a custom, policy, and

practice to violate clearly established law.

81. At all times relevant, all defendants, especially detective Jenkins, N.C.B.I. agent Cruz,

Monroe detective Supervisor Lieutenant TJ, N.C.B.I. agent Blackmon were acting within the

scope of their presumed duties but outside their discretion as employees of d.City when

depriving Plaintiff of his rights of liberty and freedom from unprovoked and unlawful search

and seizure, unlawful arrest, deprivation of due process by 'Rush To Judgment' and other

violations of clearly established laws protected by the Fourth, Eighth and Fourteenth

Amendments of the United States Constitution.

82. As a direct and proximate result of the acts of the defendants, as described herein, Plaintiff

has been deprived of his reasonable expectation of his rights secured by the Constitution to

not be unlawfully searched, to not have his home unlawfully searched, not be unlawfully

detained, not be unlawfully arrested, not unlawfully have excessive bail and fines imposed

upon him and not have his liberty taken from him for any amount of time without a warrant if he was not involved in any crime.

## V. PRAYER

WHEREFORE Plaintiff Luckey prays for judgment against the Defendants, jointly and severally, as follows:

1. For violations of clearly established law, compensatory damages to the sum of $10,000.000.00;

2. For punitive damages for wanton and reckless disregard of Plaintiff's protected rights, the sum of $50,000,000.99;

3. All costs and disbursements of this action;

4. All attorney's, consultant's and/or counsel fees incurred in litigating this action;

5. Injunction for Plaintiff's immediate freedom from prison confinement and dismissing his unlawful prison sentences with prejudice due to the violations of his constitutional rights.

6. A clean and hospitable apartment for Plaintiff to live in immediately upon being freed since defendants caused lost of his occupancy;

7. A automobile for travel as needed for his personal business affairs immediately upon him regaining his freedom;

8. The right to amend this complaint as warranted by further evidence and fact finding;

9. And other such further relief as the Court deems proper.

TRIAL BY JURY IS HEREBY DEMANDED

13 of 14

Respectfully,

*Melvin Lee Luckey*

Melvin Lee Luckey, Pro sé
c/o 1245 Camp Road
Salisbury, North Carolina