# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:22-cv-00369-MR

| | |
|---|---|
| MELVIN LEE LUCKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| GLEN JENKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I.  BACKGROUND**

Pro se Plaintiff Melvin Lee Luckey ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina. He filed this action, which he purports to bring under 42 U.S.C. § 1983, 1985, 1986, and 1988, on August 8, 2022, against the following Defendants: Glen Jenkins and T.J. Goforth, identified as Detectives with the Monroe Police Department (MPD); Brandon Blackmon and Jasmine Cruze, identified as "State Bureau Agents;" and the City of Monroe. [Doc. 1]. Plaintiff alleges, in pertinent part, as follows.

On November 10, 2010, at approximately 5:00 a.m., Plaintiff was awakened by a voice on a megaphone directing Plaintiff to come outside with his hands up. Plaintiff went outside and was met by SWAT and MPD officers outside his home in Charlotte, North Carolina. Plaintiff was approached and grabbed by MPD officers. Defendant Jenkins searched and arrested Plaintiff without cause and without a warrant. [Doc. 1 at 13]. Defendant Jenkins and other officers then searched Plaintiff's home, also without cause and without a warrant. Plaintiff "declared to all state officials present that day" that he did not commit a crime. Defendants Cruze and Goforth looked on and did nothing. Defendants Goforth, Blackmon, Cruze, and Jenkins all conversed at the scene and Goforth, Blackmon, and Cruze worked in concert and condoned Defendant Jenkin's actions, making no attempts to control him or help the Plaintiff. [Id.].

Plaintiff then makes various vague, largely nonsensical allegations regarding Blackmon, Goforth, and Jenkins' involvement in the investigation and prosecution of Plaintiff. Plaintiff claims that Jenkins and Blackmon admitted to certain irregularities and purported misconduct in May 2013, presumably during Plaintiff's criminal trial. [See id. at 14-15]. Plaintiff also alleges that Defendant Cruze "admitted" to what appears to be innocent involvement in the investigation. [See id. at 16]. On or about June 4, 2013,

2

Case 3:22-cv-00369-MR   Document 9   Filed 09/06/22   Page 2 of 9

Plaintiff was sentenced to a term of imprisonment of 85 years "without consent, without cause and without a crime committed and without a warrant." [Id. at 16].

Plaintiff alleges that Defendant City of Monroe was negligent for not properly training its employees, that it ratifies the acts of its employees who engage in "a long train of abuses which is a custom, policy, and practice to violate clearly established law," and that it promotes its policy by not reprimanding its officers. [Id. at 21].

Plaintiff claims his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments were violated by the alleged conduct. [See id. at 5]. Plaintiff also alleges that he is bringing his claims under 42 U.S.C. § 1985, 1986, and 1988, but makes no further reference to these provisions. [See id.].

For injuries, Plaintiff claims he has suffered defamation of character, mental and emotional injuries and distress, and legal fees. [Id. at 17]. For relief, Plaintiff seeks compensatory and punitive damages, injunctive, relief, attorney's fees, and other miscellaneous relief. [Id. at 22].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the

3

Case 3:22-cv-00369-MR   Document 9   Filed 09/06/22   Page 3 of 9

grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

#### A. Section 1983

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."

Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). It appears here that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the nature of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of any conviction or sentence in the underlying criminal matter. Plaintiff, however, has not alleged that a

5

Case 3:22-cv-00369-MR   Document 9   Filed 09/06/22   Page 5 of 9

conviction has been reversed or otherwise invalidated. Therefore, his Complaint appears to be barred by Heck. The Court, therefore, will allow Plaintiff to amend his Complaint to show that it is not Heck-barred.

The Court notes, however, that it appears any claim Plaintiff may have, if not Heck-barred, is nonetheless barred by the statute of limitations, in any event. If Plaintiff chooses to amend his Complaint, Plaintiff must explain why his claims are not barred in the first instance.

### B. Sections 1985, 1986, and 1988

Plaintiff also purports to bring his claims pursuant to 42 U.S.C. §§ 1985, 1986, and 1988. To state a claim under § 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights. Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009). Courts reject "section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Williams, at *5 (quoting Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995)). The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." Simmons, 47 F.3d at 1377. To allege a conspiracy, a party must show that two or more persons acted in concert to commit an unlawful act or to commit a lawful act by unlawful means. See id. at 1376.

Further, "a party must show an agreement or meeting of the minds between parties to inflict a wrong or injury upon another that results in damage." Williams, at *5 (citations omitted). A plaintiff must also show harm resulting from the alleged conspiracy. Id. (citations omitted).

Taking Plaintiff's allegations as true and drawing reasonable inferences therefrom in Plaintiff's favor, Plaintiff has plainly failed to allege a conspiracy to deprive his civil rights. Plaintiff makes only a vague reference to Defendants "working in concert" and nothing more. [See Doc. 1 at 13]. Plaintiff, therefore, has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1985.

Plaintiff's claims under §§ 1986 and 1988 similarly fail. Section 1986 creates liability in an individual "who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such act be committed." 42 U.S.C. § 1986. Without allegations of an act or acts having been committed under § 1985, there is no claim under § 1986. Section 1988 relates to the conduct of proceedings and availability of attorney and expert fees for certain civil rights violations and creates no independent cause of action. See 42 U.S.C. § 1988. The Court, therefore, will dismiss Plaintiff's

claims under these provisions for Plaintiff's failure to state a claim for relief.

## IV. CONCLUSION

In sum, Plaintiff's claims under 42 U.S.C. §§ 1985, 1986, and 1988 will be dismissed on initial review for Plaintiff's failure to state a claim for relief. It appears that Plaintiff's claims under 42 U.S.C. § 1983 are barred by Heck. The Court will allow Plaintiff thirty (30) to amend his Complaint, if he so chooses, to show that Heck does not apply, to show that his Complaint is not time-barred, and to otherwise properly state a claim for relief. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's claims under 42 U.S.C. §§ 1985, 1986, and 1988 will be **DISMISSED** on initial review for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED**.

Signed: September 2, 2022

Martin Reidinger
Chief United States District Judge