| | |
|---|---|
| MELVIN LEE LUCKEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GLEN JENKINS, et al., )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915A and 1915(e), [Doc. 10], and Plaintiff's "Motion for Injunction," [Doc. 11], which the Court construes as a motion for preliminary injunction. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

## I.     BACKGROUND

Pro se Plaintiff Melvin Lee Luckey ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina. He filed this action, which he purports to bring under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, on August 8, 2022, against the following Defendants: Glen Jenkins and T.J. Goforth, identified as Detectives with the Monroe Police Department (MPD); Brandon Blackmon

and Jasmine Cruze, identified as "State Bureau Agents;" and the City of Monroe. [Doc. 1]. Plaintiff alleged, in pertinent part, as follows.

On November 10, 2010, at approximately 5:00 a.m., Defendant Jenkins searched and arrested Plaintiff outside of Plaintiff's home without cause and without a warrant. Defendant Jenkins and other officers then searched Plaintiff's home, also without cause and without a warrant. Plaintiff "declared to all state officials present that day" that he did not commit a crime. Defendants Cruze and Goforth, who were also present, looked on and did nothing. Defendants Goforth, Blackmon, Cruze, and Jenkins all conversed at the scene and Goforth, Blackmon, and Cruze worked in concert and condoned Defendant Jenkin's actions, making no attempts to control him or help the Plaintiff. [Id.]. Defendants Jenkins and Blackmon admitted to certain irregularities and purported misconduct in May 2013, presumably during Plaintiff's criminal trial. [See id. at 14-15]. Plaintiff also alleged that Defendant Cruze "admitted" to what appears to be innocent involvement in the investigation. [See id. at 16]. On or about June 4, 2013, Plaintiff was sentenced to a term of imprisonment of 85 years "without consent, without cause and without a crime committed and without a warrant." [Id. at 16].

Plaintiff alleged that Defendant City of Monroe was negligent for not properly training its employees, that it ratifies the acts of its employees who
2

engage in "a long train of abuses which is a custom, policy, and practice to violate clearly established law," and that it promotes its policy by not reprimanding its officers. [Id. at 21]. Plaintiff claimed his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments were violated by the alleged conduct. [See id. at 5].

On initial review, the Court found that Plaintiff's claims appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994), and the statute of limitations, and that Plaintiff generally failed to state a claim for relief under 42 U.S.C. §§ 1985, 1986, and 1988. [Doc. 9]. The Court allowed Plaintiff 30 days to amend his Complaint "to show that Heck does not apply, to show that his Complaint is not time-barred, and to otherwise properly state a claim for relief." [Id. at 8]. Plaintiff timely filed an Amended Complaint [Doc. 10], which is before the Court on initial review.

In his Amended Complaint, Plaintiff's factual allegations are largely the same as those in his original Complaint. [Doc. 10 at 4-8; compare Doc. 1 at 12-18]. He again brings his claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 and contends that his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments were violated by the alleged conduct. [Id. at 4]. Plaintiff, however, fails to show how his claims are not barred by Heck or the statute of limitations. Rather, Plaintiff alleges that he remains

3

incarcerated, [id. at 11], and he does not address the statute of limitations in any way. In his motion for preliminary injunction, in which Plaintiff seeks immediate release, Plaintiff seems to argue that his Fourth Amendment claim is not Heck-barred because the fruits of the allegedly illegal search and seizure were not necessary to obtain his conviction. [Doc. 11, Doc. 11-1 at 2-4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts borrow the state limitations periods for comparable conduct. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (affirming dismissal of § 1983 action on initial review for failure to file complaint within the applicable limitations period).

Here, in his Amended Complaint, Plaintiff does not explain why Heck does not bar his claims. He makes the bare assertion that the search and seizure in question may not have been necessary to obtain his conviction, but he alleges no facts by which the broad bar of Heck could be found not to

apply. Even if the Court were to construe Plaintiff's motion for preliminary injunction as part of his Amended Complaint and even if Plaintiff is correct that his Fourth Amendment illegal search and seizure claim is not barred by <u>Heck</u>, Plaintiff's claims, which arise sometime in or between 2010 and 2013, are facially barred by the applicable limitation periods.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and because his Complaint is time-barred in any event, the Court will dismiss this action and will deny Plaintiff's motion for preliminary injunction as moot. The Court will dismiss this action with prejudice because amendment would be futile and because Plaintiff has already been allowed to amend his complaint once and has failed to follow direct instructions by the Court. <u>See</u> <u>Green v. Wells Fargo Bank, N.A.</u>, 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunction [Doc.

11] is **DENIED** as moot.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge