UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00369-MR

| MELVIN LEE LUCKEY, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| GLEN JENKINS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's recent letters directed to the undersigned. [Docs. 18, 20, 21].

Pro se Plaintiff Melvin Lee Luckey ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina. On or about June 4, 2013, Plaintiff was sentenced in Union County, North Carolina, to a term of imprisonment of 85 years. [Doc. 1 at 16]. On August 8, 2022, Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, claiming various constitutional and other violations relative to the underlying state criminal investigation and prosecution in Union County. [Doc. 1]. On October 31, 2022, the Court dismissed this action with prejudice for Plaintiff's failure to state a claim for relief in his original and amended complaints. [Docs. 1, 9, 10, 13]. The Court

found that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and the statute of limitations. [Docs. 9, 13]. Plaintiff filed a notice of appeal, [Doc. 15], which remains pending, [see Doc. 17]. Plaintiff has also twice previously sought and been denied relief under 28 U.S.C. § 2254 in this Court relative to the same state criminal proceeding. [Case Nos. 3:15-cv-00100-FDW & 3:20-cv-00263-MR].

Now before the Court are three letters from the Plaintiff, seeking help from this Court in obtaining information and documents in Plaintiff's state criminal proceeding. [Docs. 18, 20, 21]. These letters have no case number and are directed to the undersigned. [Id.]. These letters are wholly improper and will be stricken from the docket in this matter. As Plaintiff was advised in the Order of Instructions in this case, all documents filed in this case must include a case number at the top of the first page. Also, "[l]etters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." [Doc. 3 at ¶¶ 4-5]. The Court, therefore, will strike these letters. Moreover, this Court is not authorized to provide the assistance that Plaintiff seeks in any event. If Plaintiff seeks habeas relief, he must do so on the proper petition in a separate case. Finally, this case is on appeal and the Court is, therefore, divested of any jurisdiction over this case in any event.

2

Case 3:22-cv-00369-MR   Document 22   Filed 01/27/23   Page 2 of 3

**Plaintiff is admonished that, if he files further improper letters in this or other matters before the Court, they may be summarily stricken.**

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's letters [Docs. 18, 20, 21] are hereby **STRICKEN** from the record in this matter.

**IT IS SO ORDERED**.

Signed: January 27, 2023

Martin Reidinger
Chief United States District Judge